BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
DeCarol A. Davis (SBN 316849)
Email: decarol@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Plaintiff and Putative*
*Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Harriett Mitchell, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. _____ <br><br> **CLASS AND COLLECTIVE** <br> **ACTION FOR DAMAGES AND** <br> **RESTITUTION** |
| Plaintiff, | |
| vs. | **(1) Failure to Pay Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*** |
| CoreLogic, Inc. d/b/a CoreLogic Valuation Solutions, Inc., and DOES 1-10, inclusive, | **(2) Failure to Pay Overtime Compensation, California Labor Code §§ 510, 1194, and IWC Wage Order(s)** |
| Defendant(s). | **(3) Failure to Provide Itemized Wage Statements, California Labor Code § 226** |
| | **(4) Unlawful and / or Unfair Business Practices, California Business & Professions Code § 17200 *et seq.*** |

# I.   PRELIMINARY STATEMENT

1.   This is a collective and class action brought by Plaintiff Harriett Mitchell, on behalf of herself individually and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative class and collective action members are or were employed by Defendant CoreLogic, Inc. d/b/a CoreLogic Valuation Solutions, Inc., and DOES 1-10, inclusive (hereinafter and collectively, "CoreLogic" or "Defendant") as Appraisers, Valuation Solutions Appraisers, Staff Appraisers, Residential Appraisers, and other similar positions (hereinafter and collectively, "Appraisers").

2.   As Appraisers, Plaintiff and the putative class and collective action members are or were piece-rate employees with an hourly base rate of pay, who additionally receive or received nondiscretionary incentive bonuses.

3.   Appraisers should have received overtime pay consistent with the requirements of federal and state wage and hour laws, but did not. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4.   The Proposed Collective Class is made of all persons who are or have been employed by Defendant as Appraisers in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

5.   The Proposed California Class is made up of all persons who are or have been employed by Defendant as Appraisers in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

6.   The Proposed California Itemize Wage Statement Subclass is made up of all Proposed California Class members who are have been employed by

Defendant within one year prior to this action's filing date through the final disposition of this action.

7.     During the Collective Class Period and the California Class Period, Defendant failed to pay appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law. Plaintiff seeks relief for the Proposed California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought, which additionally includes restitutionary and injunctive relief, is to remedy Defendant's failure to pay appropriate overtime compensation, maintain accurate time records, and issue accurate itemized wage statements.

## II.     THE PARTIES

8.     Representative Plaintiff Harriett Mitchell resides in Los Angeles County, California. She began her employment with CoreLogic as an Appraiser on or around October 1, 2015. She conducts appraisals for CoreLogic throughout Los Angeles County, and reports to CoreLogic's Irvine, California office in Orange County. Plaintiff Mitchell brings her claims on behalf of herself and the Proposed Collective and California Classes. A written consent form for Plaintiff Mitchell is attached as Exhibit A to this Complaint.

9.     Upon information and belief, Defendant CoreLogic, Inc. is a Delaware Corporation that does business in and maintains offices in many states throughout the United States, including California.

10.     Upon information and belief, Defendant CoreLogic, Inc. does business in California as CoreLogic Valuation Solutions, Inc. CoreLogic Valuation Solutions, Inc. is registered in California with a principal executive office in Irvine, California.

CLASS AND COLLECTIVE ACTION COMPLAINT

11.     Defendant Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class and collective action members herein alleged were proximately caused by such Defendants.

12.     Plaintiff is informed, believes, and thereon alleges that Defendant herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that Defendant herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## III.   JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207, 216(b). The Representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

CLASS AND COLLECTIVE ACTION COMPLAINT

## IV.   FACTUAL ALLEGATIONS

15.    As Appraisers, Plaintiff and the putative class and collective action members conduct and conducted[1] residential appraisals for Defendant.

16.    Defendant assigns Appraisers detailed production orders that include vendor specifications, and Defendant-determined deadlines, by which Appraisers are to complete valuation products (*i.e.* finished appraisals and associated reports).

17.    Failure to meet Defendant-determined deadlines for completing production orders can result in discipline including verbal warnings, write-ups, and/or termination.

18.    Appraisers are piece-rate employees with an hourly base rate of pay, who additionally receive nondiscretionary incentive bonuses.

19.    Appraisers' overtime pay is defined as 1.5x (or 2x for double time) their base hourly rate of pay.

20.    Upon information and belief, Defendant does not include Appraisers' full nondiscretionary incentive bonus pay in its computation of the regular rate for the purposes of calculating Appraisers' overtime pay.

21.    Beginning on October 1, 2016, Defendant began using an "Efficiency" variable that further reduced Appraisers' regular rate of pay.

22.    On October 1, 2016, upon information and belief, Defendant began calculating Appraisers' "Incentive Pay" (or bonus) using the following formulas and variables:

**Incentive Pay   =   Eligible Billings   x   Efficiency Tier**

Upon information and belief, "Eligible Billings" are the total amount billed to

---

[1] Though Defendant no longer employs some Appraisers, the pleadings will proceed hereafter in the present tense.

CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant by an Appraiser for jobs completed in the pay period minus a minimum billing requirement/threshold determined by Defendant. The "Efficiency Tier" is a percentage/quotient-constant the Defendant determines by using a pre-tabulated scale that assigns Appraisers a Tier according to their "Efficiency Rating." The Efficiency Rating is calculated as follows:

$$\textbf{Efficiency Rating} \quad = \quad \frac{\textbf{Total Billings}}{\textbf{Total Hours Worked (including overtime)}}$$

As shown in the second formula, overtime hours, included in the Total Hours Worked, are a denominator of the Efficiency Rating. As overtime hours increase, the Efficiency Rating decreases. As the Efficiency Rating decreases, so too does the Incentive Pay by way of the diminished Efficiency Tier.

Once the Incentive Pay is completely calculated, Defendant calculates Appraisers' Gross Incentive Pay by multiplying the Incentive Pay by an "On-Time Modifier," another arbitrary percentage variable determined by Defendant:

**Gross Incentive Pay    =    Incentive Pay    x    On-Time Modifier**

23.    Defendant's incentive pay scheme diminishes Appraisers' bonuses by a factor derived from the number of overtime hours an Appraiser works, and thus, diminishes the regular rate of pay, all of which is required for the computation of overtime.

24.    Upon information and belief, Appraisers frequently are required to work far in excess of forty hours per week to meet Defendant's deadlines, qualify for a positive "On-Time Modifier," and generate sufficient billings. Plaintiff and the putative class and collective action members regularly work anywhere from five to twenty hours of overtime per week.

CLASS AND COLLECTIVE ACTION COMPLAINT

25.     Upon information and belief, Defendant knew that Plaintiff and the putative class and collective action members performed work that required overtime pay.

26.     Upon information and belief, Defendant failed to include Appraisers' full nondiscretionary incentive bonus pay in its computation of the regular rate for the purposes of calculating Appraisers' overtime pay. By doing so, Defendant failed to pay all overtime wages due under the FLSA and California law.

27.     Upon information and belief, Defendant also employed a bonus calculation formula that reduces employee bonuses by a factor of the employee's overtime hours. By doing so, Defendant failed to pay all overtime wages due under the FLSA and California law.

28.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative class and collective action members.

## V.     COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and other similarly situated employees in the Proposed Collective Class (as defined in paragraph 4, *supra*) as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as Exhibit A.

30.     Upon information and belief, Defendant suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

31.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

32.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former

CLASS AND COLLECTIVE ACTION COMPLAINT

employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

## VI.   CALIFORNIA CLASS ALLEGATIONS

33.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Proposed California Class (as defined in paragraph 5, *supra*) and the Proposed California Itemized Wage Statement Subclass (as defined in paragraph 6, *supra*).

34.    Plaintiff, on behalf of herself and the Proposed California Class (and Subclass), alleges and incorporates by reference the allegations in the preceding paragraphs.

35.    <u>Numerosity</u>: The Proposed California Class (and the Proposed California Subclass) is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed at least several dozen people who are geographically dispersed and who satisfy the definition of the Proposed California Class (and Subclass).

36.    <u>Typicality</u>: Plaintiff's claims are typical of the members of the Proposed California Class. Plaintiff is informed and believes that Appraisers routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiff has the same duties and responsibilities as other Class members and has been subject to Defendant's policy and practice of: improperly failing to pay appropriate overtime compensation for all hours worked; and failing to maintain accurate time records of hours worked by the Proposed California Class.

CLASS AND COLLECTIVE ACTION COMPLAINT

37.    Plaintiff is typical of the California Itemized Wage Statement Subclass, in that she was employed by Defendant within one year prior to the filing of this suit, and Defendant failed to issue her accurate itemized wage statements in violation of the Labor Code, and is therefore entitled to Penalties.

38.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

39.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Proposed California Class (and the Proposed Subclass), has no conflicts with the Proposed California Class's interests, and has retained counsel experienced in complex wage and hour class and collective action litigation.

40.    <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

        A.    Whether Defendant unlawfully failed to fully pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

        B.    Whether Defendant failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed California Class in violation of state wage laws;

        C.    The proper measure of damages sustained by the Proposed California Class; and

8

CLASS AND COLLECTIVE ACTION COMPLAINT

D.      Whether Defendant's actions were "willful."

41.     Common questions of law and fact exist as to all members of the Proposed California Itemized Wage Statement Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

> Whether Defendant provided adequate itemized wage statements to the Plaintiff and the California Itemized Wage Statement Subclass pursuant to applicable state wage laws.

42.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

43.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class (and Subclass) predominate over any questions affecting only individual members of the Proposed California Class (and Subclass), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed California Class members the overtime pay to which they are entitled. The damages suffered by the individual Proposed California Class members (and Subclass members) are small compared to the expense and burden of individual prosecution of this litigation. Upon information and belief, Proposed California Class members (and Subclass members) fear workplace retaliation and being "blackballed" from obtaining future employment in the appraisal industry. In

9

CLASS AND COLLECTIVE ACTION COMPLAINT

addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

44.     Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendant.

## VII.   CLASS AND COLLECTIVE ACTION CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

**(On Behalf of Plaintiff and the Proposed Collective Class)**

45.     Plaintiff, on behalf of herself and the Proposed Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

46.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that other individuals will continue to submit consent forms and join as plaintiffs.

47.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

48.     The FLSA, 29 U.S.C. § 207(a), requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the *regular rate* of pay for work performed in excess of forty hours per work week. The regular rate must reflect all payments that the

CLASS AND COLLECTIVE ACTION COMPLAINT

parties have agreed shall be received regularly during the workweek, exclusive of overtime payments. When an employer forgoes discretion in awarding bonuses to its employees, including piece-rate employees, the bonus must be included in the regular rate of pay. 29 C.F.R. § 778.211(b).

49.    During their employment with Defendant, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty in a week. Defendant failed to pay all overtime wages due under federal law by failing to fully include Appraisers' nondiscretionary incentive bonus pay in its computation of regular rate for the purposes of calculating Appraisers' overtime. Defendant also failed to pay all overtime wages due under federal law by using a bonus calculation formula that reduces employee bonuses by a factor of the employee's overtime hours.

50.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

51.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

52.    Plaintiff, on behalf of herself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

CLASS AND COLLECTIVE ACTION COMPLAINT

53.     Plaintiff, on behalf of herself and the Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of California Law**

**(On Behalf of Plaintiff and the Proposed California Class)**

54.     Plaintiff, on behalf of herself and the Proposed California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

55.     At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 requires an employer, like Defendant, to pay overtime premiums for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek at the rate of no less than one and one-half times the regular rate of pay for an employee.

56.     Plaintiff is informed and believes, and thereon alleges, that members of the California Class worked in excess of eight hours per day and in excess of forty hours per week, and Defendant unlawfully failed to pay members of the California Class the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040) and California Labor Code §§ 510. Pursuant to California Labor Code § 1194, Plaintiff and the other Class members are entitled to recover their unpaid overtime compensation. Defendant failed to pay all overtime wages due under California law by failing to fully include Appraisers' nondiscretionary incentive bonus pay in its computation of regular rate for the purposes of calculating Appraisers' overtime. Defendant also failed to pay all overtime wages due under California law by using a bonus calculation formula that reduces employee bonuses by a factor of the employee's overtime hours.

CLASS AND COLLECTIVE ACTION COMPLAINT

57.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Proposed California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, plus damages, interest, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**Failure to Provide Accurate Itemized Wage Statements**

**(On Behalf of Plaintiff and the Proposed California Itemized Wage Statement Subclass)**

58.     Plaintiff, on behalf of herself and the Proposed California Itemized Wage Statement Subclass, alleges and incorporates by reference the allegations in the preceding paragraphs.

59.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, gross and net wages earned based on the total hours worked by the employee. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

60.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, gross and net wages earned based on the total hours worked by the employee, to Plaintiff and the Proposed Subclass in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff and the Proposed Subclass members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to

13

which they are and were entitled. Plaintiff and the Proposed Subclass are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia,* Plaintiff and the Proposed Subclass are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(h), Plaintiff is also entitled to seek injunctive relief requiring Defendant to comply with Labor Code § 226(a).

## FOURTH CLAIM FOR RELIEF

### Violation of Business and Professions Code Section 17200 *et seq.*

### (On Behalf of Plaintiff and the Proposed California Class)

61.     Plaintiff, on behalf of herself and the Proposed California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

62.     California Business and Professions Code § 17200 *et seq.* – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendant, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

63.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the Proposed California Class members are entitled to: restitution of the overtime earnings and other unpaid wages alleged herein that Defendant have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendant to pay overtime to all workers as defined herein; an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and costs.

## PRAYER FOR RELIEF

64.     WHEREFORE, Plaintiff, on behalf of herself and all members of the Proposed Collective and California Classes, prays for relief as follows:

A.     That the Court determine that this action may proceed as a class

CLASS AND COLLECTIVE ACTION COMPLAINT

action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B. That the Court declare Defendant to have violated the overtime provisions of the FLSA as to Plaintiff and the Proposed Collective Class;

C. That the Court declare Defendant to have violated the overtime provisions and itemized wage statement/time records penalty provisions of the California wage laws cited above as to Plaintiff and the Proposed California Class;

D. That the Court declare Defendant to have violated the FLSA by failing to maintain accurate time records of gross and net wages earned based on the total hours worked by Plaintiff and the Proposed Collective Class;

E. That the Court find Defendant's violations, as described above, to be willful;

F. That the Court award to Plaintiff and the Proposed California and Collective Classes the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G. That the Court order and enjoin Defendant to pay restitution to Plaintiff and the Proposed California Class due to Defendant's unlawful activities, pursuant to California state law cited above;

H. That the Court further enjoin Defendant to cease and desist from unlawful activities in violation of state laws cited above;

I. That the Court grant declaratory relief stating that Defendant's scheme is unlawful;

J. For an award of reasonable attorneys' fees and costs pursuant to

CLASS AND COLLECTIVE ACTION COMPLAINT

29 U.S.C. § 216, California Labor Code §§ 226, 1194, 1021.5, and/or other applicable state laws; and

K.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED:  December 29, 2017

**BRYAN SCHWARTZ LAW**

By: */s/ Bryan Schwartz*_____
Bryan J. Schwartz (SBN 209903)
DeCarol A. Davis (SBN 316849)

*Attorneys for Plaintiff and Putative Class and Collective Action Members*

CLASS AND COLLECTIVE ACTION COMPLAINT