Matthew C. Helland (CA Bar No. 250451)
helland@nka.com
Daniel Brome (CA Bar No. 278915)
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

BRYAN SCHWARTZ LAW
Bryan J. Schwartz (CA Bar No. 209903)
Rachel M. Terp (CA Bar No. 290666)
Natasha T. Baker (CA Bar No. 319381)
Email: Bryan@bryanschwartzlaw.com
Rachel@bryanschwartzlaw.com
Natasha@bryanschwartzlaw.com
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Plaintiffs and Putative Class and Collective Action Members*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARRIETT MITCHELL, JASON SUMMERS and JOSEPH ADAMS, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>                  Plaintiffs,<br>  vs.<br><br>CORELOGIC VALUATION SOLUTIONS, INC., and DOES 1-10, inclusive,<br><br>                  Defendants. | Case No. 8:17-cv-02274-DOC-DFM<br><br>**DECLARATION OF MATTHEW C. HELLAND IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER OF DEFAULT, FINDING OF JURISDICTION, AND FOR SANCTIONS**<br><br>Judge: Hon. David O. Carter<br><br>Date: November 18, 2019<br>Time: 8:30 a.m.<br>Place: Courtroom 9D |

1. My name is Matthew Helland. I am an attorney with the law firm of Nichols Kaster and am counsel of record in this action. I make this declaration based on my own personal knowledge.

2. To date, 157 opt-in Plaintiffs filed individual demands for arbitration in accordance with the Court order compelling them to do so. Plaintiffs began filing arbitration demands in late April 2019.

3. On May 31, 2019, the AAA granted CoreLogic's request for a 60 day stay under Rule 1 of AAA's employment rules. During a phone call with the AAA regarding that request, Defense Counsel told the AAA that it was considering seeking judicial intervention from other jurisdictions or through an appeal. CoreLogic never sought that additional judicial intervention.

4. After the AAA began administering the arbitrations, it set distributed strike lists and set deadlines. For example, the AAA set a September 30 deadline to submit strike lists and conflict checks in 14 arbitrations filed in 5 states.

5. In meet and confer discussions prior to the filing of this motion, defense counsel proposed a stipulation by which the parties would voluntarily consent to the Court's jurisdiction. I informed Defense Counsel that Plaintiffs were not returning to Court voluntarily, that they were only returning because of CoreLogic's default, and that our motion expressly seeks a judicial order of default. CoreLogic refused to stipulate to default and would not stipulate to sanctions. Counsel for CoreLogic sent a proposed stipulation, which is attached hereto as Exhibit 18, with an automatic updating date field and already complete with an /s/ signature from Bryan Schwartz. Mr. Schwartz did not sign the stipulation or otherwise agree to its contents.

6. In the arbitrations that are still proceeding in the AAA, CoreLogic has filed counterclaims against Claimants. Claimants believe those claims are retaliatory, and have amended their demands for arbitration to allege retaliation under the Fair Labor Standards Act.

7. The filing of 157 individual arbitrations has been a resource-intensive process, both in terms of staff and attorney time and in terms of cost expenditures. My firm has expended has spent hundreds of hours communicating with clients, drafting arbitration demands, corresponding with the AAA, responding to CoreLogic's repeated attempts to delay and disrupt the arbitration process, researching arbitrators, responding to strike lists, submitting conflict checks to the AAA, and complying with various state bar rules regarding out-of-state attorney practice in arbitration. I am informed and believe that attorneys at Bryan Schwartz law have also expended a significant number of attorney and staff hours litigating the arbitrations.

8. My firm has also spent tens of thousands of dollars in hard costs in the arbitrations. For example, counsel paid a $300 AAA filing fee in each of the 157 arbitrations filed in AAA. Counsel also paid state bar filing fees in the states requiring such fees—for example, $250 times 26 cases in the State for Florida alone.

9. Attached hereto are true and correct copies of the following exhibits:

**Exhibit 1:** Letter from Amy Williams to the AAA, dated May 9, 2019.

**Exhibit 2:** Email from Matthew Helland to the AAA and counsel, dated May 9, 2019.

**Exhibit 3:** Letter from AAA to counsel dated May 13, 2019

**Exhibit 4:** Email exchange dated May 29, 2019 between Matthew Helland and Sergio Hernandez from the Oregon State Bar.

**Exhibit 5:** Email exchange between AAA and counsel dated May 24-31, 2019.

**Exhibit 6:** Letter from AAA to counsel dated July 23, 2019.

**Exhibit 7:** Email from AAA to counsel dated August 12, 2019.

**Exhibit 8:** Letter from Amy Williams to AAA dated August 27, 2019.

**Exhibit 9:** Letter from Matthew Helland to AAA dated September 3, 2019.

DECLARATION OF MATTHEW C. HELLAND

|   |   |
|---|---|
| 1 | **Exhibit 10:** Email from AAA to Counsel dated September 9, 2019. |
| 2 | **Exhibit 11:** Email from AAA to Counsel dated September 16, 2019. |
| 3 | **Exhibit 12:** Emails from Matthew Helland to AAA and Counsel dated September 27, 2019 and September 30, 2019. |
| 5 | **Exhibit 13:** Email from AAA to Counsel dated October 1, 2019. |
| 6 | **Exhibit 14:** Email Amy Williams to AAA and counsel dated October 7, 2019. |
| 8 | **Exhibit 15:** Email from AAA to Counsel dated October 2, 2019. |
| 9 | **Exhibit 16:** Letter form AAA to Counsel dated October 14, 2019. |
| 10 | **Exhibit 17:** Letters from AAA to Counsel in 110 cases dated October 14, 15, and 18, 2019. |

**Exhibit 18:** Stipulation proposed by Defense Counsel during meet and confer discussions leading up to the filing of this motion. Defense Counsel sent the stipulation with an automatically updating date and with an /s/ signature by Bryan Schwartz; Mr. Schwartz did not agree to or sign the stipulation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 21, 2019                              s/ Matthew C. Helland
                                                     Matthew C. Helland