# EXHIBIT 1



Sacramento · San Francisco · Los Angeles · Orange County · San Diego

COUNSEL TO CALIFORNIA EMPLOYERS℠

18300 Von Karman Avenue, Suite 800
Irvine, California 92612

T: 949.622.1661

Sender's e-mail:
awilliams@cdflaborlaw.com

May 9, 2019

**VIA E-MAIL**

American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

Bryan J. Schwartz
BRYAN SCHWARTZ LAW
1330 Broadway, Suite 1630
Oakland, CA 94612

Matthew C. Helland
Nichols Kaster, PLLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104

    Re:    <u>AAA Arbitration Demands</u>

Dear Case Administrator:

    Matthew Helland and Daniel Brome of Nichols Kaster, PLLP, and Bryan Schwartz, Maren Christensen and Rachel Terp of Bryan Schwartz Law (hereinafter "Counsel") have improperly attempted to initiate arbitration proceedings on behalf of more than 60 current and former appraisers of CoreLogic Valuation Solutions, Inc., which recently formed a wholly-owned subsidiary, Platinum Valuation Solutions, Inc., LLC (hereinafter referred to as "CoreLogic.")

    Counsel have attempted to initiate individual arbitration proceedings for claims under the Fair Labor Standards Act ("FLSA") without supplying the requisite consents. "No employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." 29 U.S.C. § 216(b). Here, Counsel have attempted to initiate individual arbitration proceedings based on consents obtained and filed in the action, *Mitchell v. CoreLogic*, Case No. Case No. 8:17-cv-02274-DOC-DFMx, District Court, Central District of California. (*See* Demands for Arbitration at ¶ 26 "Claimant consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Claimant's consent form, which was

Carothers DiSante & Freudenberger LLP

Bryan J. Schwartz
Matthew C. Helland
May 9, 2019
Page 2

previously filed in the district court, is attached hereto as Exhibit A.")  Counsel's reliance on these consents is wholly improper.

For example, in *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1016 (11th Cir. 2007), like here, class counsel sought to initiate lawsuits based on consents filed in a different action.  The district court dismissed these lawsuits for failure to comply with the consent requirement of the FLSA, and the Eleventh Circuit affirmed, finding that

> ***"[u]pon the filing of the [original] consent forms Plaintiff manifested his/her intent to join [the original case], and no other case.... It is therefore found that the consent forms at issue are limited to counsel's representation of Plaintiffs in [the original case] and are not freely transferable to [the subsequent] or any other case." Id. at 1017-18.***

The Court's analysis was based on the well settled principle that "we must interpret consent forms according to the plain meaning of their language." *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1018 (11th Cir. 2007).  There, the notice and consents "clearly and specifically invited said persons to join as party plaintiffs in [that lawsuit], and not in this or any other new or additional suit which might be brought or filed." *Id*. at 1017.  Further, the "neither the notices nor the blank consent forms suggested or otherwise inferred that counsel's representation of said persons, should they choose to join [that lawsuit], existed beyond the limited confines of that lawsuit." *Id*. at 1017-18.  The same is true of the notice and consents in the instant *Mitchell* action.

In the *Mitchell* action, the substance of the notice provided in relevant part as follows (emphasis added):

> The purpose of this Notice is to inform you of a ***pending collective action lawsuit (the "Lawsuit"*)** brought against CoreLogic, claiming violations of the Fair Labor Standards Act ("FLSA"). This Notice will inform you of the procedure for ***participating in this suit***. You are receiving this Notice because you may be entitled to ***"opt in" to a federal collective action conditionally certified by the Court under the FLSA***…
>
> To be eligible to join ***the Lawsuit***…
>
> ***By completing the enclosed Consent Form, you will be designating Plaintiffs and their attorneys to act on your behalf and to represent your interests with respect to your claims under the FLSA in this lawsuit.***

1468362.1

Carothers DiSante & Freudenberger LLP

Bryan J. Schwartz
Matthew C. Helland
May 9, 2019
Page 3

If you wish to discuss this matter, including the nature of the case and the terms of the Plaintiffs' attorneys' representation of Plaintiffs and those who opt into this case, you may **contact Plaintiffs' attorneys at the contact information provided below in section 8**.

If you have any questions with respect to this action or about this Notice, you may direct such questions to **Plaintiffs' Counsel**:

| | |
|---|---|
| **Bryan Schwartz Law** | Telephone: (510) 444-9300 |
| Attn: DeCarol Davis | Facsimile: (510) 444-9301 |
| 180 Grand Ave., Suite 1380 | Email: decarol@bryanschwartzlaw.com |
| Oakland, CA 94612 | |

The consent form also refers only to "*join[ing] a lawsuit* against CoreLogic."

Here, the notice and consents clearly establish that potential putative collective action members were agreeing only to join the pending *Mitchell* action and agreeing to representation by Bryan Schwartz Law in that action. They were not authorizing the initiation of individual arbitration proceedings on their behalf by Bryan Schwartz Law, and certainly not authorizing the initiation of individual arbitration proceedings on their behalf by Nichols Kaster.

"An action may not proceed as to any person until a formal written consent from that person is filed in court" or arbitration as the case may be. *Albritton*, 508 F.3d at 1016. Furthermore, "[a]n attorney may not file lawsuits without the authorization of the Plaintiffs on whose behalf the lawsuit is purportedly filed." *Id.* Thus, each and every one of the demands for arbitration must be withdrawn and dismissed. *See, e.g., McLaughlin v. Boston Harbor Cruises, Inc.*, No. CV 03-10905-GAO, 2006 WL 1998629, at *4 (D. Mass. July 17, 2006); *Frye v. Baptist Mem'l Hosp.*, 495 F. App'x 669, 675-76 (6th Cir. 2012) (affirming dismissal of named plaintiff's claim because no timely consent filed); *In re Food Lion*, 1998 U.S. App. LEXIS 11809, 1998 WL 322682, at *13 (4th Cir. June 4, 1998) ("Until a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes." (citing *Songu-Mbriwa v. Davis Mem'l Goodwill Indus.*, 144 F.R.D. 1, 2 (D.D.C. 1992)).

Carothers DiSante & Freudenberger LLP

Bryan J. Schwartz
Matthew C. Helland
May 9, 2019
Page 4

Please feel free to contact me should you have any questions.

Thank you,

Amy S. Williams
CAROTHERS DiSANTE & FREUDENBERGER LLP

1468362.1