# EXHIBIT 2

| | |
|---|---|
| **From:** | Helland, Matthew |
| **To:** | Irena M. Sims; heathersanto@adr.org |
| **Cc:** | Amy S. Williams; Brian Cole; Kimberly Jansen; Phillips, Amy; rachel@bryanschwartzlaw.com; maren@bryanschwartzlaw.com; julie@bryanschwartzlaw.com; bryan@bryanschwartzlaw.com; Brome, Daniel; LesserA@adr.org |
| **Subject:** | RE: CoreLogic AAA Arbitration Demands |
| **Date:** | Thursday, May 09, 2019 5:18:14 PM |
| **Attachments:** | 2019.05.09 Letter to AAA Re Arbitration.PDF<br>image001.png<br>image002.png<br>Order Compel Arb Decl Arb Agreement - Snipes.PDF<br>Order Compel Arb Decl Sep Agrmnt - Erickson.PDF<br>#128-1 CoreLogic"s MP&A re Motion to Compel Arbitration.pdf |

Heather –

We are in receipt of the attached letter from Ms. Williams, in which CoreLogic argues that Claimants' arbitration demands must be dismissed because the consent forms attached to those demands are insufficient under the Fair Labor Standards Act. It is not surprising that CoreLogic submitted this letter today, since today is the deadline for payment of $98,800 in filing fees. As you know, however, it is wholly improper for CoreLogic to submit a merits dispute to a case manager prior to paying filing fees. We ask that AAA demand prompt payment of the $98,800 in filing fees that are due and owing.

The sufficiency of Claimants' consent forms is, indisputably, a question for the arbitrator decide. One of CoreLogic's arbitration agreements covers "any claim arising out of or relating to my employment or its termination" and provides that "ONLY THE ARBITRATOR, NOT A JUDGE OR JURY, WILL DECIDE THE CLAIM OR DISPUTE." *See* Snipes Arb. Agreement, attached. The other arbitration agreement provides that "To the fullest extent allowed by law, any dispute regarding your employment with the Company or its termination, any aspect of this Agreement or any act which allegedly has or would violate any provision of this Agreement, shall be settled by final and binding arbitration . . . ." *See* Erickson Arb. Agreement, attached. The legal sufficiency of Claimants' pleadings, and CoreLogic's request for dismissal of those pleadings, are matters for the arbitrator to decide, not the case manager.

Indeed, CoreLogic argued in its motion to compel arbitration that its arbitration agreements contained a broad delegation clause, such that "the Court is obligated to compel the matter to arbitration, with **all other challenges to be resolved by the arbitrator**." CoreLogic Mot. Comp. Arb., Dkt. 128-1 at 19 (attached) (emphasis added). The district court accepted this argument, concluding that CoreLogic had delegated even the issue of arbitrability to the arbitrator. *See* Order Compelling Arbitration, Dkt. 189, at 7 (attached with arbitration agreements).

CoreLogic also argued that its arbitration agreements incorporated the AAA Employment Rules. The court compelled arbitration on that basis. *See* Order Compelling Arbitration, Dkt. 189, at 5-7. CoreLogic is therefore bound by the fee schedule for Employment cases. *See* https://www.adr.org/sites/default/files/Employment_Fee_Schedule.pdf. The Employment Rules contain no provision empowering AAA to adjudicate merits issues prior to appointment of an arbitrator.

Claimants have a contractual right to present their claims to an arbitrator. Adjudication of those claims includes answering the question posed in CoreLogic's letter: whether Claimants' consent forms meet the requirements of 29 U.S.C. § 216(b). Because an arbitrator (and not a case manager) must decide that question, we ask that AAA reject CoreLogic's transparent attempt to avoid payment of filing fees.

       Thank you for your prompt attention to this matter. AAA Vice President Ann Lesser is copied on this email.

Matt Helland

**From:** Irena M. Sims <isims@cdflaborlaw.com>
**Sent:** Thursday, May 09, 2019 3:58 PM
**To:** heathersanto@adr.org
**Cc:** Helland, Matthew <helland@nka.com>; Amy S. Williams <awilliams@cdflaborlaw.com>; Brian Cole <bcole@cdflaborlaw.com>; Kimberly Jansen <kjansen@cdflaborlaw.com>; Phillips, Amy <aphillips@nka.com>; rachel@bryanschwartzlaw.com; maren@bryanschwartzlaw.com; julie@bryanschwartzlaw.com; bryan@bryanschwartzlaw.com
**Subject:** CoreLogic AAA Arbitration Demands

Heather,

Please see attached.

Thank you



**Irena Sims**
**Legal Assistant**
**Carothers DiSante & Freudenberger LLP**
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
(949) 622-1661 | isims@cdflaborlaw.com

**Website »**

Sacramento
San Francisco
Los Angeles
Orange County
San Diego