# EXHIBIT 12

| | |
|---|---|
| **From:** | Helland, Matthew |
| **To:** | "AAA Tacy Zysk"; "Ann Lesser, Esq."; "AAA Heather Santo" |
| **Cc:** | Amy S. Williams (awilliams@cdflaborlaw.com); "Tim Freudenberger"; "Kimberly Jansen"; "Bryan Schwartz"; "Natasha Tavora Baker"; "Clare Perez"; Phillips, Amy; Brome, Daniel |
| **Subject:** | RE: CoreLogic: Respondents" Ex Parte extension Request |
| **Date:** | Monday, September 30, 2019 8:45:48 AM |
| **Attachments:** | Dkt 220- Order Denying Ex Parte Application to Enjoin Arbitration Proceedings - 1894864_1.PDF<br>RE Multiple Individual Claimants (149) vs. Corelogic Inc. - AAA is proceeding with individual case administration.msg |

Tacy, Ann, Heather, and Counsel —

    I'm resending the email below without the state bar filings in case it did not get delivered on Friday due to the size of the attachments. I'll note that Respondents do not dispute that we completed these filings, and the state bar rules do not require them to be filed with the AAA. Nonetheless, we will file them in each case because the AAA representative asked me about them on Friday.

    I repeat our request that AAA promptly reset the deadlines at issue for not more than one week out. We appreciate your prompt attention to this matter, and as articulated more fully in my email below, we look forward to AAA's letter memorializing its *ex parte* conversations with each side and its reasoned decision for extending the strike list deadlines. We expect more transparency in the future.

Matt

**From:** Helland, Matthew
**Sent:** Friday, September 27, 2019 4:20 PM
**To:** AAA Tacy Zysk <TacyZysk@adr.org>; 'Ann Lesser, Esq.' <LesserA@adr.org>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Amy S. Williams (awilliams@cdflaborlaw.com) <awilliams@cdflaborlaw.com>; Tim Freudenberger <tfreud@cdflaborlaw.com>; Kimberly Jansen <kjansen@cdflaborlaw.com>; Bryan Schwartz <bryan@bryanschwartzlaw.com>; Natasha Tavora Baker <natasha@bryanschwartzlaw.com>; Clare Perez <clare@bryanschwartzlaw.com>
**Subject:** CoreLogic: Respondents' Ex Parte extension Request

Tacy —

    I'm writing to follow up on a phone call I received from a AAA representative today who is handling these cases while you are out of the office. It is my understanding that Counsel for Respondents asked AAA for an extension of the Monday and Tuesday deadlines regarding arbitrator strike lists and conflicts checks. Respondents did not ask Counsel for Claimants for their agreement on the extension and did not advise Counsel for Claimants that it was seeking an extension directly from the AAA.

    I also understand that Counsel for Respondents asked AAA once again to resolve Respondents' allegation that Claimants' Counsel has engaged in the unauthorized practice of law. The AAA representative asked me why the parties have not engaged a special master for this issue. I replied that Respondents have not requested a special master and we do not think one is

appropriate. The AAA representative also asked me whether there was an upcoming court date at which the parties could raise the issue with the Court. I advised the AAA representative that Respondents already raised the issue with the Court and the Court denied the request for lack of jurisdiction, having already ordered the cases to arbitration.

The AAA representative informed me that AAA will be extending the strike list and conflict check deadlines and that notification of that extension will issue on Monday. I requested that AAA memorialize in a letter the communication from Respondents' counsel and the specific requests Respondents made to the AAA, and that the AAA issue a clear and justified decision regarding its ruling on the extension request. I also expressed my displeasure in AAA handling these important issues in separate phone calls with both sides.

So the record is clear, I am attaching:

1. The Court's order from May 28, 2019 denying Respondents' request to enjoin the arbitrations. The Court held, in relevant part, "The Court need not address each of CoreLogic's arguments or wade into the Virginia, Oregon, Michigan, and Florida rules of professional conduct. CoreLogic moved this Court to order Plaintiffs to arbitrate their claims. As CoreLogic previously argued, issues of arbitrability or the implication of statutes of limitation must be resolved by the arbitrator. . . . CoreLogic asked for resolution of any and all disputes by the arbitrator. Having compelled arbitration, the Court will not now stay those proceedings due to associated costs."
2. The AAA's email dated September 9, 2019 denying Respondents' request for a determination of its challenges by the Administrative Review Council and holding that Claimants' cases will proceed to arbitration.
3. Claimants' Counsel's state bar filings in Florida, Oregon, and South Carolina.

There is no basis to extend the arbitrator strike list deadlines. I understand AAA has already decided to grant Respondents' request for an extension, but we request the extension be no longer than one week. In the future, we ask that the AAA refrain from ex parte communications on important matters like these.

Thank you.

Matt



**Matthew C. Helland**
Partner
415-277-7239 | helland@nka.com

235 Montgomery Street
Suite 810
San Francisco, CA 94104
877-448-0492 | fax: 415-277-7238

www.nka.com
contact card

**EMPLOYEE & CONSUMER RIGHTS**

The information contained in this transmission may be attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.