# EXHIBIT 13

| | |
|---|---|
| From: | AAA Tacy Zysk |
| To: | Helland, Matthew |
| Cc: | "Amy S. Williams (awilliams@cdflaborlaw.com)"; "Tim Freudenberger"; "Kimberly Jansen"; "Bryan Schwartz"; "Natasha Tavora Baker"; "Clare Perez"; Phillips, Amy; Brome, Daniel |
| Subject: | RE: CoreLogic: Respondents" Extension Request |
| Date: | Tuesday, October 01, 2019 9:52:26 AM |
| Attachments: | imagecff0ca.PNG |

Dear Attorney Helland,

Our office reached out to yours recently to inform you of Respondent's request for an extension for their arbitrator selection documents, and also to reiterate opposing counsel's request to engage a Special Master and/or Discovery Master. We hope this email helps to provide clarification on the AAA's administrative communications with you and your opposing counsel from last week.

First, the AAA **will not** appoint a Special Master to hear any threshold issues absent the agreement of the parties. As of this date, Claimants' counsel has been clear they do not agree to engage a Special Master, and so no Special Master shall be appointed until and unless the parties mutually inform AAA of such an agreement.

Regarding the alleged ex-parte communications, we refer to Rule 17:

"17. Communication with Arbitrator

a. No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration […]."

AAA's rules regarding ex-parte communications specifically pertain to communications between the parties and the *arbitrator*, but not to communications between the parties and the AAA. As the administering agency, the AAA requires the latitude to contact parties to discuss administrative items as needed. The arbitrator, who makes all substantive decisions in the arbitration, is bound by the rules governing ex-parte communication. As no substantive or legal decisions are rendered by the AAA, we do not act as the arbitrator, and are not bound by rules governing ex-parte communications.

Regarding Respondent's extension request, Rule 37 regarding extensions of time is quoted below:

"37. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension."

While the AAA will regularly allow a jointly-requested modification to a deadline, per the above rule we also exercise the discretion to grant an extension that is not jointly requested. Although Respondents requested the extension, we will grant the same extension to both parties. Accordingly, an extension for the parties to submit their arbitrator rankings, conflicts checklists, and for Respondents to submit their Answers has been granted, as originally communicated telephonically. The above listed items (previously due on September 30 and October 1, 2019) are now due to the undersigned on or before **October 7, 2019.**

We hope this email serves to clarify the status of these pending filings. Please contact me with any questions or concerns.

Sincerely,



**AAA Tacy Zysk**
**Manager of ADR Services**

American Arbitration Association



T: 401 431 4711  E: TacyZysk@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Helland, Matthew <helland@nka.com>

**Sent:** Monday, September 30, 2019 7:26 PM
**To:** AAA Tacy Zysk <TacyZysk@adr.org>; Ann Lesser, Esq. <LesserA@adr.org>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** 'Amy S. Williams (awilliams@cdflaborlaw.com)' <awilliams@cdflaborlaw.com>; 'Tim Freudenberger' <tfreud@cdflaborlaw.com>; 'Kimberly Jansen' <kjansen@cdflaborlaw.com>; 'Bryan Schwartz' <bryan@bryanschwartzlaw.com>; 'Natasha Tavora Baker' <natasha@bryanschwartzlaw.com>; 'Clare Perez' <clare@bryanschwartzlaw.com>; Phillips, Amy <aphillips@nka.com>; Brome, Daniel <dbrome@nka.com>
**Subject:** RE: CoreLogic: Respondents' Ex Parte extension Request

**\*\*\* External E-Mail – Use Caution \*\*\***

Tacy, Ann, Heather, and Counsel –

This email is to memorialize my call with Michelle Carbone this afternoon shortly before 5 pm Eastern time. I expressed my concern that we have a deadline on the books today and there has been no written communication from AAA regarding the continuation of deadline (which Cheryl from the AAA communicated to me on Friday). Michelle confirmed that the deadline has been extended but that AAA has not yet decided the length of the extension.

I again expressed frustration about the *ex parte* communications regarding these deadlines. Michelle informed me that AAA asked Respondents to make a written request for an extension outlining the basis for the request. To date Respondents have not done so.

Michelle advised me that Tacy Zysk will follow up on this matter tomorrow morning. We look forward to written communication from AAA outlining the basis for this extension and setting a new deadline.

Matt

**From:** Helland, Matthew
**Sent:** Monday, September 30, 2019 8:46 AM
**To:** 'AAA Tacy Zysk' <TacyZysk@adr.org>; 'Ann Lesser, Esq.' <LesserA@adr.org>; 'AAA Heather Santo' <heathersanto@adr.org>
**Cc:** Amy S. Williams (awilliams@cdflaborlaw.com) <awilliams@cdflaborlaw.com>; 'Tim Freudenberger' <tfreud@cdflaborlaw.com>; 'Kimberly Jansen' <kjansen@cdflaborlaw.com>; 'Bryan Schwartz' <bryan@bryanschwartzlaw.com>; 'Natasha Tavora Baker' <natasha@bryanschwartzlaw.com>; 'Clare Perez' <clare@bryanschwartzlaw.com>; Phillips, Amy <aphillips@nka.com>; Brome, Daniel <dbrome@nka.com>
**Subject:** RE: CoreLogic: Respondents' Ex Parte extension Request

Tacy, Ann, Heather, and Counsel –

I'm resending the email below without the state bar filings in case it did not get delivered on Friday due to the size of the attachments. I'll note that Respondents do not dispute that we completed these filings, and the state bar rules do not require them to be filed with the AAA. Nonetheless, we will file them in each case because the AAA representative asked me about them on Friday.

I repeat our request that AAA promptly reset the deadlines at issue for not more than one week out. We appreciate your prompt attention to this matter, and as articulated more fully in my email below, we look forward to AAA's letter memorializing its *ex parte* conversations with each side and its reasoned decision for extending the strike list deadlines. We expect more transparency in the future.

Matt

**From:** Helland, Matthew
**Sent:** Friday, September 27, 2019 4:20 PM
**To:** AAA Tacy Zysk <TacyZysk@adr.org>; 'Ann Lesser, Esq.' <LesserA@adr.org>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Amy S. Williams (awilliams@cdflaborlaw.com) <awilliams@cdflaborlaw.com>; Tim Freudenberger <tfreud@cdflaborlaw.com>; Kimberly Jansen <kjansen@cdflaborlaw.com>; Bryan Schwartz <bryan@bryanschwartzlaw.com>; Natasha Tavora Baker <natasha@bryanschwartzlaw.com>; Clare Perez <clare@bryanschwartzlaw.com>
**Subject:** CoreLogic: Respondents' Ex Parte extension Request

Tacy –

I'm writing to follow up on a phone call I received from a AAA representative today who is handling these cases while you are out of the office. It is my understanding that Counsel for Respondents asked AAA for an extension of the Monday and Tuesday deadlines regarding arbitrator strike lists and conflicts checks. Respondents did not ask Counsel for Claimants for their agreement

on the extension and did not advise Counsel for Claimants that it was seeking an extension directly from the AAA.

I also understand that Counsel for Respondents asked AAA once again to resolve Respondents' allegation that Claimants' Counsel has engaged in the unauthorized practice of law. The AAA representative asked me why the parties have not engaged a special master for this issue. I replied that Respondents have not requested a special master and we do not think one is appropriate. The AAA representative also asked me whether there was an upcoming court date at which the parties could raise the issue with the Court. I advised the AAA representative that Respondents already raised the issue with the Court and the Court denied the request for lack of jurisdiction, having already ordered the cases to arbitration.

The AAA representative informed me that AAA will be extending the strike list and conflict check deadlines and that notification of that extension will issue on Monday. I requested that AAA memorialize in a letter the communication from Respondents' counsel and the specific requests Respondents made to the AAA, and that the AAA issue a clear and justified decision regarding its ruling on the extension request. I also expressed my displeasure in AAA handling these important issues in separate phone calls with both sides.

So the record is clear, I am attaching:

1) The Court's order from May 28, 2019 denying Respondents' request to enjoin the arbitrations. The Court held, in relevant part, "The Court need not address each of CoreLogic's arguments or wade into the Virginia, Oregon, Michigan, and Florida rules of professional conduct. CoreLogic moved this Court to order Plaintiffs to arbitrate their claims. As CoreLogic previously argued, issues of arbitrability or the implication of statutes of limitation must be resolved by the arbitrator. . . . CoreLogic asked for resolution of any and all disputes by the arbitrator. Having compelled arbitration, the Court will not now stay those proceedings due to associated costs."
2) The AAA's email dated September 9, 2019 denying Respondents' request for a determination of its challenges by the Administrative Review Council and holding that Claimants' cases will proceed to arbitration.
3) Claimants' Counsel's state bar filings in Florida, Oregon, and South Carolina.

There is no basis to extend the arbitrator strike list deadlines. I understand AAA has already decided to grant Respondents' request for an extension, but we request the extension be no longer than one week. In the future, we ask that the AAA refrain from ex parte communications on important matters like these.

Thank you.

Matt



**Matthew C. Helland**
Partner
415-277-7239 | helland@nka.com

235 Montgomery Street
Suite 810
San Francisco, CA 94104
877-448-0492 | fax: 415-277-7238
www.nka.com
contact card

**EMPLOYEE & CONSUMER RIGHTS**

The information contained in this transmission may be attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.