# EXHIBIT 14

| | |
|---|---|
| From: | Amy S. Williams |
| To: | AAA Tacy Zysk; Helland, Matthew |
| Cc: | Tim Freudenberger; Kimberly Jansen; "Bryan Schwartz"; "Natasha Tavora Baker"; "Clare Perez"; Phillips, Amy; Brome, Daniel |
| Subject: | RE: CoreLogic: Respondents" Extension Request [IWOV-DB.FID214576] |
| Date: | Monday, October 07, 2019 4:53:07 PM |
| Attachments: | image009.png<br>image010.png<br>image011.png |

Tacy and Counsel -

CoreLogic will not proceed with any non-California or non-Minnesota arbitration, or pay any further fees in connection with those proceedings, until the threshold issue of Claimant's Counsel's unauthorized practice of law is determined. Nichols Kaster and Bryan Schwartz Law's failure to comply with applicable regulations *before* they attempted to initiate individual arbitration proceedings renders these sham arbitrations.

1. Nichols Kaster and Bryan Schwartz Law engaged in the unauthorized practice of law in violation of Model Rule of Professional Conduct, Rule 5.5, when they solicited former opt-in members to initiate individual arbitration proceedings in twenty-five (25) states in which they are not admitted to practice. Nichols Kaster had no attorney-client relationship with any former opt-in member at the time of their solicitation. Bryan Schwartz Law's attorney-client relationship with former opt-in members ceased upon entry of the order compelling arbitration. ***Thus, before Bryan Schwartz Law (and Nichols Kaster) could initiate an arbitration on their behalf, they were required to establish an attorney-client relationship and make various disclosures, including disclosing that they were not admitted to practice law in the state in which they intended to initiate an individual arbitration proceeding***. There is absolutely no evidence that suggests that they did so. Such conduct constitutes the unauthorized practice of law. *See In the Matter Of Marilyn Sue Scheer*, 2014 W.L. 1217969 (2014) (Scheer engaged in "unlawful solicitation" where she solicited 28 clients in 12 states where she was unlicensed to practice law in connection with her representation of these clients in loan modification cases. Scheer violated Rule 5.5 and the law in each of the jurisdictions in which she was unlicensed to practice, including in Ohio, Oregon, Virginia, Massachusetts, Pennsylvania, and New Hampshire, as she entered written fee agreements to provide legal services in a jurisdiction where she was unlicensed to practice law and failed to expressly disclose to the client that she was not licensed to practice in their state.); *The Florida Bar v. Kaiser*, 397 So.2d 1132, 1133 (1981) (holding that attorney engaged in the unauthorized practice of law where he "was responsible for advertisements suggesting he is a Florida attorney, with no distinguishing limitations as to his membership in the New York bar or his limited area of practice." Attorneys' conduct unlawful because it "would tend to mislead the public into believing that he was a member of The Florida Bar or authorized to practice in the state."); *Attorney Grievance Com'n of Md. v. Ambe*, 38 A.3d 390, 399 (2012) (out-of-state attorney held himself out as authorized to practice by failing to indicate that he was not licensed to practice in Maryland); *In re Pius Airewele* (2012) 2012 WL 3990105 (attorney violated Massachusetts' professional rules of conduct by failing to disclose he was not admitted to practice in Georgia).

2. Nichols Kaster and Bryan Schwartz Law additionally violated the State Bar Rules of certain other states.

    a. Florida State Bar Rule 1-3.11(a). "In all arbitration proceedings, except international arbitrations, **prior to practicing pursuant to this rule, the non-Florida lawyer must file a verified statement with** The Florida State Bar and serve a copy of the verified statement on opposing counsel." Nichols Kaster and Bryan Schwartz Law purported to initiate arbitration proceeding in Florida before complying with Rule 1-3.11(a).
    b. Virginia Rules of Professional Conduct, Rule 5.5, "**Before providing any legal services**, "(d)(3) A Foreign Lawyer shall inform the client and interested third parties in writing: (i) that the lawyer is not admitted to practice law in Virginia; (ii) the jurisdiction(s) in which the lawyer is licensed to practice; and (iii) the lawyer's office address in the foreign jurisdiction." Nichols Kaster and Bryan Schwartz Law purported to initiate an arbitration proceeding in Virginia before complying with Rule 5.5.
    c. Pursuant to Rule 404(h) and (i) of the South Carolina Pro Hac Vice rules, for each matter in which a lawyer **seeks to provide legal services pursuant** to Rule 5.5(c)(3), the lawyer shall file a verified statement with the South Carolina Supreme Court Office of Bar Admissions stating that the lawyer has not filed more than three statements pursuant to this rule in a 365-day period. The statement shall be accompanied by a $250 fee and shall be served on opposing counsel, if known. If opposing counsel is not known at the time the verified statement is filed, the statement shall be filed on opposing counsel within ten days of learning the identity of opposing counsel.

*Nichols Kaster and Bryan Schwartz Law did not comply with any of these regulations before they purported to initiate arbitration proceedings in these states.* Thus, these are sham arbitrations.

3. Nichols Kaster and Bryan Schwartz Law are presently engaged in the unauthorized practice of law in violation of Model Rule of Professional Conduct, Rule 5.5, allowing for an out-of-state attorney <u>only</u> to "provide legal services on a <u>temporary basis</u>." Courts and state ethics opinions typically express a lawyer's temporary presence in another jurisdiction as "incidental," "limited," "isolated," "attenuated," or ""occasional," while describing a lawyer's systematic and continuous presence as "regular," "repetitive," "frequent," "substantial," or "permanent." *See, e.g., In re Lerner*, 197 P.3d 1067, 1075 (Nev. 2008) (contrasting a lawyer's "incidental" or "isolated" presence to "a regular or repetitive course of business"); N.J. Eth. Op. 49, 2012 WL 12303775, at *4 (N.J. Sup. Ct., Advisory Comm. on Prof'l Ethics 2012) (interpreting ""occasional" to mean "occurring infrequently or from time to time"); Va. Sup. Ct. R. pt. 6, sec. II, 5.5 n.6 (explaining that "temporary" refers to the duration of a lawyer's presence and provision of legal services, while ""occasional" refers to the frequency with which a lawyer comes to Virginia to provide legal services); Restatement (Third) of the Law Governing Lawyers § 3 cmt. e (2000) (stating that a lawyer may not "engage in the continuous, regular, or repeated representation of clients" in a non-admitted jurisdiction). Bryan Schwartz Law and Nichols Kaster's initiation of more than 100 arbitration proceedings in 25 states in which they are not admitted to practice is far from "incidental," "limited" "isolated" or "attenuated." *See, e.g.*, 2009 Amended Rules for Admission to the State Bar of Montana, Supreme Court of the State of Montana, Order 00-329, Rule VI, Pro Hac Vice, Rules Governing Admission to the Alabama State Bar, Rule VII, *Admission of Foreign Attorneys Pro Hac Vice* and Nevada Supreme Court Rules, Rule 42 (6) (a), (b) (limiting the number of *pro hac vice* admissions to law firms, as well as their individual attorneys.)

As Claimant's Counsel and the AAA are well aware, CoreLogic has repeatedly requested that Claimant's Counsel agree to a Special Master, or other reasonable procedure, including the AAA's Administrative Review Council (ARC), through which the threshold issue of Claimant's Counsel's unauthorized practice of law can be determined. Claimant's Counsel has refused to agree to any procedure whatsoever. As a result, the AAA has now stated that it "will not appoint a Special Master to hear any threshold issues absent agreement of the parties. As of this date, Claimant's counsel has been clear they do not agree to engage a Special Master, and so no Special Master shall be appointed until and unless the parties mutually inform the AAA of such an agreement." Thus, by failing and refusing to determine this threshold issue based solely on Claimant's Counsel's unilateral refusal to agree to a Special Master or any other reasonable procedure, the AAA is facilitating and enabling Claimant's Counsel's unauthorized practice of law. Further, insofar as the AAA is scheduling deadlines by which CoreLogic is required to submit strike lists, answers and counterclaims with regard to these non-California or non-Minnesota arbitrations, the AAA is encouraging and, in fact, requiring CoreLogic's counsel to similarly engage in the unauthorized practice of law, which they will not do.

CoreLogic remains willing to engage a Special Master or panel of arbitrators, at CoreLogic's expense, to resolve this threshold issue. If the AAA refuses to determine this threshold issue, CoreLogic demands the return of its filing and administrative fees in all of the non-California and non-Minnesota arbitrations.

**Amy S. Williams**
**Partner**
**Carothers DiSante & Freudenberger LLP**
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
(949) 622-1661 | awilliams@cdflaborlaw.com

**Website »**   **Attorney Bio »**



Sacramento
San Francisco
Los Angeles
Orange County
San Diego

**From:** AAA Tacy Zysk <TacyZysk@adr.org>
**Sent:** Tuesday, October 1, 2019 9:52 AM
**To:** Helland, Matthew <helland@nka.com>

**Cc:** Amy S. Williams <awilliams@cdflaborlaw.com>; Tim Freudenberger <tfreud@cdflaborlaw.com>; Kimberly Jansen <kjansen@cdflaborlaw.com>; 'Bryan Schwartz' <bryan@bryanschwartzlaw.com>; 'Natasha Tavora Baker' <natasha@bryanschwartzlaw.com>; 'Clare Perez' <clare@bryanschwartzlaw.com>; Phillips, Amy <aphillips@nka.com>; Brome, Daniel <dbrome@nka.com>
**Subject:** RE: CoreLogic: Respondents' Extension Request

Dear Attorney Helland,

Our office reached out to yours recently to inform you of Respondent's request for an extension for their arbitrator selection documents, and also to reiterate opposing counsel's request to engage a Special Master and/or Discovery Master. We hope this email helps to provide clarification on the AAA's administrative communications with you and your opposing counsel from last week.

First, the AAA **will not** appoint a Special Master to hear any threshold issues absent the agreement of the parties. As of this date, Claimants' counsel has been clear they do not agree to engage a Special Master, and so no Special Master shall be appointed until and unless the parties mutually inform AAA of such an agreement.

Regarding the alleged ex-parte communications, we refer to Rule 17:

"17. Communication with Arbitrator

a. No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration […]."

AAA's rules regarding ex-parte communications specifically pertain to communications between the parties and the *arbitrator*, but not to communications between the parties and the AAA. As the administering agency, the AAA requires the latitude to contact parties to discuss administrative items as needed. The arbitrator, who makes all substantive decisions in the arbitration, is bound by the rules governing ex-parte communication. As no substantive or legal decisions are rendered by the AAA, we do not act as the arbitrator, and are not bound by rules governing ex-parte communications.

Regarding Respondent's extension request, Rule 37 regarding extensions of time is quoted below:

"37. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension."

While the AAA will regularly allow a jointly-requested modification to a deadline, per the above rule we also exercise the discretion to grant an extension that is not jointly requested. Although Respondents requested the extension, we will grant the same extension to both parties. Accordingly, an extension for the parties to submit their arbitrator rankings, conflicts checklists, and for Respondents to submit their Answers has been granted, as originally communicated telephonically. The above listed items (previously due on September 30 and October 1, 2019) are now due to the undersigned on or before **October 7, 2019.**

We hope this email serves to clarify the status of these pending filings. Please contact me with any questions or concerns.

Sincerely,



**AAA Tacy Zysk**
**Manager of ADR Services**

American Arbitration Association

T: 401 431 4711   E: TacyZysk@adr.org
1301 Atwood Ave, Suite 211N, Johnston, RI 02919
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Helland, Matthew <helland@nka.com>

**Sent:** Monday, September 30, 2019 7:26 PM
**To:** AAA Tacy Zysk <TacyZysk@adr.org>; Ann Lesser, Esq. <LesserA@adr.org>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** 'Amy S. Williams (awilliams@cdflaborlaw.com)' <awilliams@cdflaborlaw.com>; 'Tim Freudenberger' <tfreud@cdflaborlaw.com>; 'Kimberly Jansen' <kjansen@cdflaborlaw.com>; 'Bryan Schwartz' <bryan@bryanschwartzlaw.com>; 'Natasha Tavora Baker' <natasha@bryanschwartzlaw.com>; 'Clare Perez' <clare@bryanschwartzlaw.com>; Phillips, Amy <aphillips@nka.com>; Brome, Daniel <dbrome@nka.com>
**Subject:** RE: CoreLogic: Respondents' Ex Parte extension Request

**\*\*\* External E-Mail – Use Caution \*\*\***

Tacy, Ann, Heather, and Counsel –

This email is to memorialize my call with Michelle Carbone this afternoon shortly before 5 pm Eastern time. I expressed my concern that we have a deadline on the books today and there has been no written communication from AAA regarding the continuation of deadline (which Cheryl from the AAA communicated to me on Friday). Michelle confirmed that the deadline has been extended but that AAA has not yet decided the length of the extension.

I again expressed frustration about the *ex parte* communications regarding these deadlines. Michelle informed me that AAA asked Respondents to make a written request for an extension outlining the basis for the request. To date Respondents have not done so.

Michelle advised me that Tacy Zysk will follow up on this matter tomorrow morning. We look forward to written communication from AAA outlining the basis for this extension and setting a new deadline.

Matt

**From:** Helland, Matthew
**Sent:** Monday, September 30, 2019 8:46 AM
**To:** 'AAA Tacy Zysk' <TacyZysk@adr.org>; 'Ann Lesser, Esq.' <LesserA@adr.org>; 'AAA Heather Santo' <heathersanto@adr.org>
**Cc:** Amy S. Williams (awilliams@cdflaborlaw.com) <awilliams@cdflaborlaw.com>; 'Tim Freudenberger' <tfreud@cdflaborlaw.com>; 'Kimberly Jansen' <kjansen@cdflaborlaw.com>; 'Bryan Schwartz' <bryan@bryanschwartzlaw.com>; 'Natasha Tavora Baker' <natasha@bryanschwartzlaw.com>; 'Clare Perez' <clare@bryanschwartzlaw.com>; Phillips, Amy <aphillips@nka.com>; Brome, Daniel <dbrome@nka.com>
**Subject:** RE: CoreLogic: Respondents' Ex Parte extension Request

Tacy, Ann, Heather, and Counsel –

I'm resending the email below without the state bar filings in case it did not get delivered on Friday due to the size of the attachments. I'll note that Respondents do not dispute that we completed these filings, and the state bar rules do not require them to be filed with the AAA. Nonetheless, we will file them in each case because the AAA representative asked me about them on Friday.

I repeat our request that AAA promptly reset the deadlines at issue for not more than one week out. We appreciate your prompt attention to this matter, and as articulated more fully in my email below, we look forward to AAA's letter memorializing its *ex parte* conversations with each side and its reasoned decision for extending the strike list deadlines. We expect more transparency in the future.

Matt

**From:** Helland, Matthew
**Sent:** Friday, September 27, 2019 4:20 PM
**To:** AAA Tacy Zysk <TacyZysk@adr.org>; 'Ann Lesser, Esq.' <LesserA@adr.org>; AAA Heather Santo <heathersanto@adr.org>
**Cc:** Amy S. Williams (awilliams@cdflaborlaw.com) <awilliams@cdflaborlaw.com>; Tim Freudenberger <tfreud@cdflaborlaw.com>; Kimberly Jansen <kjansen@cdflaborlaw.com>; Bryan Schwartz <bryan@bryanschwartzlaw.com>; Natasha Tavora Baker <natasha@bryanschwartzlaw.com>; Clare Perez <clare@bryanschwartzlaw.com>
**Subject:** CoreLogic: Respondents' Ex Parte extension Request

Tacy –

I'm writing to follow up on a phone call I received from a AAA representative today who is handling these cases while you are out of the office. It is my understanding that Counsel for Respondents asked AAA for an extension of the Monday and Tuesday deadlines regarding arbitrator strike lists and conflicts checks. Respondents did not ask Counsel for Claimants for their agreement

on the extension and did not advise Counsel for Claimants that it was seeking an extension directly from the AAA.

I also understand that Counsel for Respondents asked AAA once again to resolve Respondents' allegation that Claimants' Counsel has engaged in the unauthorized practice of law. The AAA representative asked me why the parties have not engaged a special master for this issue. I replied that Respondents have not requested a special master and we do not think one is appropriate. The AAA representative also asked me whether there was an upcoming court date at which the parties could raise the issue with the Court. I advised the AAA representative that Respondents already raised the issue with the Court and the Court denied the request for lack of jurisdiction, having already ordered the cases to arbitration.

The AAA representative informed me that AAA will be extending the strike list and conflict check deadlines and that notification of that extension will issue on Monday. I requested that AAA memorialize in a letter the communication from Respondents' counsel and the specific requests Respondents made to the AAA, and that the AAA issue a clear and justified decision regarding its ruling on the extension request. I also expressed my displeasure in AAA handling these important issues in separate phone calls with both sides.

So the record is clear, I am attaching:

1) The Court's order from May 28, 2019 denying Respondents' request to enjoin the arbitrations. The Court held, in relevant part, "The Court need not address each of CoreLogic's arguments or wade into the Virginia, Oregon, Michigan, and Florida rules of professional conduct. CoreLogic moved this Court to order Plaintiffs to arbitrate their claims. As CoreLogic previously argued, issues of arbitrability or the implication of statutes of limitation must be resolved by the arbitrator. . . . CoreLogic asked for resolution of any and all disputes by the arbitrator. Having compelled arbitration, the Court will not now stay those proceedings due to associated costs."
2) The AAA's email dated September 9, 2019 denying Respondents' request for a determination of its challenges by the Administrative Review Council and holding that Claimants' cases will proceed to arbitration.
3) Claimants' Counsel's state bar filings in Florida, Oregon, and South Carolina.

There is no basis to extend the arbitrator strike list deadlines. I understand AAA has already decided to grant Respondents' request for an extension, but we request the extension be no longer than one week. In the future, we ask that the AAA refrain from ex parte communications on important matters like these.

Thank you.

Matt



**Matthew C. Helland**
Partner
415-277-7239 | helland@nka.com

235 Montgomery Street
Suite 810
San Francisco, CA 94104
877-448-0492 | fax: 415-277-7238
www.nka.com
contact card

**EMPLOYEE & CONSUMER RIGHTS**

The information contained in this transmission may be attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.