# EXHIBIT 18

Timothy M. Freudenberger, State Bar No. 138257
tfreud@cdflaborlaw.com
Amy S. Williams, State Bar No. 228853
awilliams@cdflaborlaw.com
Kimberly M. Jansen, State Bar No. 243216
kjansen@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
18300 Von Karman, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661
Facsimile: (949) 622-1669

Attorneys for Defendant
CORELOGIC VALUATION SOLUTIONS. INC.

Plaintiffs' Counsel Information on the Following Page

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIETT MITCHELL, JASON SUMMERS, and JOSEPH ADAMS individually, on behalf of other similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br>vs.<br>CORELOGIC, INC., CORELOGIC SOLUTIONS, LLC, CORELOGIC VALUATION SOLUTIONS, INC., and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No. 8:17-cv-02274-DOC-DFMx<br><br>**JOINT STIPULATION RE FORMER OPT-IN MEMBERS IN ARBITRATION** |

BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Rachel M. Terp (SBN 290666)
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
rachel@bryanschwarzlaw.com

NICHOLS KASTER, LLP
Matthew C. Helland (SBN 250451)
Daniel S. Brome (SBN 278915)
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
Email: helland@nka.com
dbrome@nka.com

*Attorneys for Plaintiffs, the Collective, and Putative Class Action Members*

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Harriett Mitchell ("Plaintiff") and Defendant CoreLogic Valuation Solutions, Inc. ("CoreLogic") as follows:

WHEREAS, on April 9, 2019, this Court granted CoreLogic's motion to compel arbitration of California putative class member and FLSA collective action opt-in members' individual claims, and denied CoreLogic's request for a stay of litigation pending arbitration;

WHEREAS, on or about April 24, 2019, Bryan Schwartz Law and Nichols Kaster began filing demands for arbitration with the American Arbitration Association ("AAA");

WHEREAS, on or about May 24, 2018, CoreLogic sought an ex parte order enjoining the arbitration proceedings based, in part, on CoreLogic's contention that Bryan Schwartz Law and Nichols Kaster ("Claimant's Counsel") initiated arbitration proceedings in jurisdictions in which they were not authorized to practice law.

WHERAS, on May 28, 2019, the Court denied CoreLogic's ex parte application;

WHEREAS, on or about July 30, 2019, CoreLogic paid the AAA filing fees in the amount of $281,200 for 148 individual arbitration proceedings;

WHEREAS, on or about August 9, 2019, the AAA held an administrative conference. During that conference, CoreLogic requested that the AAA resolve certain threshold issues, including the issues of Claimant's Counsel's alleged unlawful solicitation and unauthorized practice of law. The AAA recommended that the parties agree to a Special Master(s) to resolve these threshold issues. Claimant's Counsel refused. Accordingly, the AAA invited briefing on these threshold issues.

WHEREAS, on August 27, 2019, CoreLogic submitted its brief regarding threshold issues and requested that the AAA appoint a Special Masters(s), at CoreLogic's expense, to determine these threshold issues before the commencement of any individual arbitration proceeding or that these threshold issues be determined

by the AAA Administrative Review Council, or other reasonable procedure;

WHEREAS, Claimant's Counsel opposed CoreLogic's requests and refused to engage a Special Master or any other reasonable procedure to determine these threshold issues;

WHEREAS, on October 1, 2019, the AAA declined to appoint a Special Master(s) given Claimant's Counsel's refusal and further declined to consider the threshold issues by the Administrative Review Council;

WHEREAS, CoreLogic reiterated that it will not proceed with any non-California or non-Minnesota arbitration, or pay any further fees in connection with those proceedings, until the threshold issue of Claimant's Counsel's alleged unauthorized practice of law is determined;

WHEREAS, the AAA held another administrative call. During that call, CoreLogic confirmed that it would not proceed with any non-California or non-Minnesota arbitration, or pay any further fees in connection with those proceedings until the threshold issue of Claimant's Counsel's alleged unauthorized practice of law is determined; Claimant's Counsel confirmed that they would not agree to a Special Master(s) or other reasonable procedure to resolve those threshold issues; Claimant's Counsel confirmed that they would not advance the fees necessary to proceed with the arbitrations; and the AAA confirmed that they would close the non-California and non-Minnesota arbitration proceedings;

WHEREAS, the AAA has now closed 111 arbitration proceedings outside of California and Minnesota based on the foregoing (see Exhibit A hereto);

WHEREAS, in order to avoid the time and expense of litigating the issue, and preserve judicial resources, the parties have agreed that former FLSA collective action opt-in members subject to the order compelling arbitration on whose behalf arbitration was initiated in states other than California and Minnesota may litigate their FLSA claim in the pending action and CoreLogic will not hereafter seek to compel arbitration of their FLSA claim in this action;

WHEREAS, for purposes of this litigation, the statute of limitations on these former opt-ins' FLSA claim will be deemed tolled from the filing of their consent in this litigation, with the exception of time between the date of the order compelling arbitration and the filing of the arbitration demand on their behalf;

WHEREAS, nothing herein shall impact the arbitrations pending in California and Minnesota, or impact CoreLogic's right to compel arbitration of any other matter or of any other person.

IT IS SO STIPULATED.

**SO STIPULATED.**

Dated: October 21, 2019        BRYAN SCHWARTZ LAW

By: /s/ Bryan J. Schwartz
       Bryan J. Schwartz
Attorneys for Plaintiffs and Putative Class and Collective Action Members

Dated: October 21, 2019        CAROTHERS DISANTE & FREUDENBERGER LLP

By:   /s/ Amy S. Williams
Amy S. Williams
Attorney for Defendant