# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 17-2274-DOC (DFMx)            Date: December 17, 2019

Title: MITCHELL V. CORELOGIC, INC. ET AL.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REGARDING MOTION FOR DEFAULT, JURISDICTION, AND SANCTIONS [273]**

    Before the Court is Plaintiff Harriett Mitchell's ("Plaintiffs") Motion for Default, Jurisdiction, and Sanctions (Dkt. 273) ("Motion"). Plaintiffs move this Court for (1) an order finding that Defendant CoreLogic ("Defendant") is in default of this Court's order compelling arbitration; (2) a resumption of jurisdiction over cases previously ordered into arbitration; and (3) sanctions for CoreLogic's willful disobedience of this Court's order compelling arbitration—an order requested by Defendants—in the amount of fees and costs associated with opposing CoreLogic's Motion to Compel Arbitration and litigating arbitrations after the order to compel was granted. *See generally* Motion.

### I.    Factual Background

    On February 12, 2019 CoreLogic filed a Motion to Compel Arbitration. Dkt. 128. In that motion, CoreLogic argued "[T]his Court need only determine that agreements to arbitrate exist. Once such a finding is made, the Court is obligated to compel the matter to arbitration, with all other challenges to be resolved by the arbitrator." *Id*. at 14. The Court granted the Motion to Compel Arbitration, compelling Plaintiffs who signed arbitration

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-2274-DOC (DFMx)                                        Date: December 17, 2019
                                                                                                                                       Page 2

agreements to proceed in arbitration. Dkt. 189. Plaintiffs complied with that order, filing 157 individual demands for arbitration since late April 2019 throughout the United States. Mot. at 3.

After these arbitrations were filed, Defendants began to seek dismissal of dozens of pending arbitrations based on alleged deficiencies with consent forms attached to arbitration demands. Mot. at 3. Ultimately, the American Arbitration Association ("AAA") held that the demands met filing requirements, reserved further argument on the issue for arbitrator review, and found that Defendant must pay the associated filing fees in order to proceed. Mot. at 4.

Then Defendants moved this Court for *ex parte* relief on May 24, 2019, arguing that the consent forms were not sufficient and that Plaintiffs' counsel---who are barred in California and Minnesota---were practicing law without authorization in the other states where arbitrations were filed. Mot. at 4. The Court denied Defendants' *ex parte* application finding in relevant part:

> The Court need not address each of CoreLogic's arguments or wade into the Virginia, Oregon, Michigan, and Florida rules of professional conduct. CoreLogic moved this Court to order Plaintiffs to arbitrate their claims. As CoreLogic previously argued, issues of arbitrability or the implication of statutes of limitation must be resolved by the arbitrator. Even if the Court were to determine the merits of a particular arbitration, the requested injunction and stay of all arbitration proceedings is overbroad. **CoreLogic asked for resolution of any and all disputes by the arbitrator. Having compelled arbitration, the Court will not now stay those proceedings due to associated costs.**

Dkt. 220 at 3.

On July 30, 2019, Defendants finally paid their portion of the relevant filing fees to the AAA. Mot. at 5. However, on August 9th, Defendants requested the AAA decide certain "threshold issues" before proceeding. *Id*. Among these issues were the arguments regarding filing requirements and the issue of Plaintiffs' alleged unauthorized practice of law. *Id*. The AAA ultimately decided that the issues should go to individual arbitrators. *Id*. at 6. The AAA then proceeded to continue administering the arbitrations and required CoreLogic to pay a $750 administrative fee for each arbitration. *Id*. On October 7, 2019 CoreLogic informed AAA that it "will not proceed with any non-California or non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. SA CV 17-2274-DOC (DFMx) | Date: December 17, 2019 |
| | Page 3 |

Minnesota arbitration, or pay any further fees in connection with those proceedings, until the threshold issue of Claimant's Counsel's unauthorized practice of law is determined." *Id*. In response, the AAA closed 110 cases for failure to pay filing fees. *Id*. at 7. Defendants also note that the AAA provided an alternative resolution, that the parties stipulate to a special master to hear the issue of the alleged unauthorized practice of law. Defendant's Opposition to Motion ("Opp'n") (Dkt. 279) at 4. Plaintiffs did not agree to the stipulation. *Id*.

## II. Argument

Plaintiffs argue that CoreLogic has willfully violated this Court's order compelling arbitration by refusing to participate in the arbitrations and pay the filing fees. *See generally* Motion. Plaintiffs request the Court find that CoreLogic has defaulted on its obligations, resume jurisdiction over the 110 cases that have been closed due to the default, and sanction CoreLogic for disobeying the Court's order. *Id*. In sum, Plaintiffs argue that "CoreLogic's desire for collective resolution of its 'threshold issues,' and its displeasure with the AAA's refusal to do so, does not relieve CoreLogic of its contractual and court-ordered obligation to arbitrate." *Id*. at 10.

CoreLogic argues that it cannot participate in the arbitrations or it would be facilitating and enabling the unauthorized practice of law. Opp'n at 14. Furthermore, Defendants argue that Plaintiffs put themselves in this position by refusing to agree to a special master to determine the question of the unauthorized practice of law. *Id*. at 11–12. Finally, Defendants argue that sanctions are inappropriate in this case because CoreLogic has not violated any of this Courts' orders. *Id*. at 15–17.

In particular, Defendants argue that neither this Court's April 2018 or May 2019 orders *required* CoreLogic to submit the issue of the unauthorized practice of law to any individual arbitrator. *Id*. at 17. Rather, they argue, this Court determined that it would not wade into the issue but did not determine that CoreLogic must submit the issue to individual arbitrators. *Id*. In any event, Defendants argue that individual arbitrators would not have any contractual jurisdiction over the issue, and Plaintiffs themselves have argued that individual arbitrators cannot resolve this ethical issue. *Id*. Therefore, Defendants believe they should not be sanctioned. Defendants also agree to allow the 110 cases previously submitted to arbitration to come under the jurisdiction of this Court.

Plaintiffs reply that "CoreLogic cites no right—contractual, court-ordered, in the AAA rules, or otherwise—to have its threshold issues resolved by a special master *prior* to the arbitration of Plaintiffs' claims." Plaintiffs' Reply ("Reply") (Dkt. 282) at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2274-DOC (DFMx)                               Date: December 17, 2019
                                                                                                                                      Page 4

Plaintiffs argue (and Defendants ethics expert concedes) "most states permit out-of-state attorneys not licensed in the state to represent clients in arbitrations pending there, but the conditions for doing so vary." *Id*. at 8. Finally, Plaintiffs cite recently enacted California legislation which seeks to end an abusive tactic that employers use to deny their employees justice—forcing them to arbitrate their legal claims and then suspending the process by refusing to pay the arbitration fees. Mot. at 17–19. Among other things, the law would require sanctions when fees or costs required to initiate an arbitration are not paid within 30 days after the due date. *See* SB 707, https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=201920200SB707 (last visited December 6, 2019).

       This issue is about access to justice. Right now, there are over 100 people who have no forum to have their cases heard. They are not in front of this Court because Defendants compelled them to arbitration. They are not in front of arbitrators because Defendants have unilaterally refused to arbitrate unless and until some tribunal determines the "threshold issue" of Plaintiffs' counsel alleged unauthorized practice of law. To be fair, Plaintiffs are not blameless. They too have failed to proceed diligently on this matter when they declined to stipulate to a Special Master to resolve the issue at Defendants' expense. Of course, that does not absolve Defendants of the critical fact at issue: that they have unilaterally created an ultimatum. The ultimatum Defendants created is: Defendants will not arbitrate (though they initially compelled arbitration) until someone decides the ethical issue. That ultimatum was not part of any of these Court's prior orders.

       **The April 9, 2018 Order**: On April 9, 2018, the Court granted CoreLogic's motion to compel arbitration of the individual claims of FLSA collective action opt-in members and California putative class members who executed either an Employment Application or Separation Agreement, each requiring arbitration of disputes between the employee and CoreLogic. There were no exceptions in this order.

*See* Dkt. 189.

       **The May 28, 2019 Order**: On May 28, 2019, the Court held "[t]he Court need not … wade into the Virginia, Oregon, Michigan, and Florida rules of professional conduct. CoreLogic moved this Court to order Plaintiffs to arbitrate their claims. As CoreLogic previously argued, issues of arbitrability or the implication of statutes of limitation must be resolved by the arbitrator . . . CoreLogic asked for resolution of any and all disputes by the arbitrator. Having compelled arbitration, the Court will not now stay those proceedings due to associated costs." There were no exceptions in this order.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 17-2274-DOC (DFMx) | Date: December 17, 2019 |
| | Page 5 |

*See* Dkt. 220.

As a preliminary matter, the Court will not find default and take jurisdiction over the 110 cases that have been closed by the AAA. Plaintiffs argue that under Ninth Circuit precedent this Court *must* find Defendants in default of the arbitration agreement and take back jurisdiction over the 110 closed cases. In *Sink v. Aden Enterprises*, the Ninth Circuit held that the FAA does not *compel* a district court to return the parties to arbitration after a party impeded arbitration to the point where the arbitrator cancelled the arbitration and declared the party in default. *Sink v. Aden Enterprises, Inc*., 352 F.3d 1197, 1201 (9th Cir. 2003). Here, CoreLogic has not been found in default by the arbitrator, and in any event, *Sink* instructs this Court that it is not *required* to send the parties back to arbitration. But it does not state that the Court no longer has the discretion to simply order CoreLogic to proceed with this Court's prior order compelling arbitration.

Second, Defendants argue that they will be in violation of the California Rules of Professional Conduct if they assist in the unauthorized practice of law. Indeed, at oral argument on this matter Defendants reiterated the unacceptable risk of violating ethical duties if they were forced to enter arbitration with Plaintiffs' counsel. Defendants hired ethics expressed opined:

> [T]he California Rules of Professional Conduct prohibit California lawyers from knowingly assisting any person in the unauthorized practice of law in another jurisdiction (Rule 5.5(a)(2)) and further provide that it is professional misconduct to solicit, assist or induce the violation of any Rule of Professional Conduct or the State Bar Act. Rule 8.4(a). **Given these ethical mandates, it was reasonable, and likely ethically required, for CoreLogic's attorneys to *raise the issue* of Plaintiffs' counsel's authorization to practice law in each of the jurisdictions in which they commenced arbitration proceedings.** If CoreLogic's attorneys had remained silent and instead participated in the Out-of-State Arbitrations, essentially witnessing the unauthorized practice of law by Plaintiffs' counsel on a regular basis, they would have, in my opinion, been knowingly assisting in and/or soliciting or inducing the unauthorized practice of law by their fellow California lawyers.

Declaration of Suzanne Spencer ("Spencer Decl.") (Dkt. 279-1) ¶ 10 (emphasis added).

Rule 5.5(a)(2) of the California Rules of Professional Conduct states: "A lawyer admitted to practice law in California shall not: knowingly assist a person in the unauthorized practice of law in that jurisdiction."

Rule 8.4(a) of the California Rules of Professional Conduct states: "It is professional misconduct for a lawyer to: violate these rules or the State Bar Act, knowingly assist, solicit, or induce another to do so, or do so through the acts of another[.]"

It may have been reasonable to "raise the issue of Plaintiffs' counsel's authorization to practice law in each of the jurisdictions in which [Plaintiffs' counsel] commenced arbitration proceedings." Spencer Decl. ¶ 10. However, it was unreasonable, after initially raising the issue, to unilaterally decide to refuse to participate in arbitrations until that issue is decided. Furthermore, the Court finds it suspect that when asked why Defendants did not simply report Plaintiffs to the bars of the respective states in which they filed arbitrations, the answer was that it would "take too long." If Defendants truly believed their ethical duty was to "raise the issue . . . in each of [those] jurisdictions," why wouldn't they do so with the state bars?

Defendants main argument is that there was an unreasonable risk that they would be violating the California Rules of Professional Conduct by participating in an arbitration with Plaintiffs who are arguably engaged in the unauthorized practice of law. But even an extremely expansive reading of Rule 5.5(a)(2) and 8.4(a) cannot encompass Defendants' actions. Simply participating in an arbitration with opposing counsel who may arguably be engaged in the unauthorized practice of law does not violate Rule 5.5(a)(2) or 8.4(a). The kind of actions that violate these rules include, for example, physically introducing unlicensed persons to a client and allowing that person to consult with the client without supervision. *See generally Bluestein v. State Bar of California*, 118 Cal. Rptr. 175 (1974). That is far from the facts of the case at hand.

While it may have been reasonable to "raise the issue" of a potential violation of California rules, once the issue was raised, it was unreasonable to discontinue participation in the arbitration. Again, Defendants expert opined "**If CoreLogic's attorneys had remained silent** and instead participated in the Out-of-State Arbitrations, essentially witnessing the unauthorized practice of law by Plaintiffs' counsel on a regular basis, they would have, in my opinion, been knowingly assisting in and/or soliciting or inducing the unauthorized practice of law by their fellow California lawyers." Spencer Decl. ¶ 10 (emphasis added). However, Defendants did not remain silent—they "raised the issue." That should have been enough for Defendants. This Court now holds that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 17-2274-DOC (DFMx) | Date: December 17, 2019 |
| | Page 7 |

Defendants are not assisting in the unauthorized practice of law by simply participating in an arbitration with one who is arguably violating the rules of professional conduct of the state in which the arbitration is occurring.

Federal courts have the inherent power to assess sanctions for "bad faith" conduct in litigation or for "willful disobedience" of a court order. *Chambers v. NASCO, Inc*., 501 U.S. 32, 45 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44. The Court finds that Defendants have willfully and unreasonably disobeyed both the original April 2018 order to arbitrate and the order in response to Defendants' *ex parte* motion in May 2019 by unilaterally refusing to participate in the arbitrations until a tribunal decided the "threshold issue" of Plaintiffs' counsel alleged unauthorized practice of law. Frankly, the Court finds that Defendants have displayed a pattern of dilatory conduct in this litigation. Indeed, the Court previously granted a temporary restraining order against the Defendants after they called certain plaintiffs participating in this action in a way that may be seen as intimidating or retaliating against individuals for filing suit. *See* Dkt. 146.

There is no longer any reasonable reason for Defendants to continue to obstruct the arbitrations in this matter regardless of any arguable violation of rules of professional conduct by Plaintiffs' attorneys. Plaintiffs' counsel assumes the risk of violating ethical rules if counsel is truly violating the state rules in which they file arbitrations. Of course, Defendants are free to report Plaintiffs' counsel to the bar.

### III.   Disposition

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' Motion and **DECLINES** to find default and retake jurisdiction. The Court will determine the amount of sanctions at a later date.

The Court **ORDERS** Plaintiffs submit a full accounting of all fees and costs associated with their efforts to comply with this Court's orders to arbitrate. The accounting should include the amount of attorneys' fees and/or other costs requested for each event. For example, attorneys' fees requested for the Motion to Sanction, attorneys' fees requested in litigating arbitrations in Florida, costs associated with filings in South Carolina, filing fees for the AAA, etc. However, the Court will not grant sanctions for fees pertaining to the Motion to Compel Arbitration in which Defendant was meritorious. Plaintiffs should file this accounting by December 23, 2019. If Defendant has any disagreement with the accounting, they may file a response by January 6, 2020. Any hearing on this matter will be heard on January 21, 2020.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 17-2274-DOC (DFMx) | Date: December 17, 2019 |
| | Page 8 |

     The Court is very concerned about (and will no longer tolerate) more foot dragging on this issue. The Court **ORDERS** the parties to refile these cases with the AAA and participate in the arbitration proceedings.

     The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk: djl